IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERTO LOPEZ-VELAZQUEZ,                    CASE NO. 2:12-cr-253
                                            CIVIL NO. 2:13-cv-1125

         Petitioner,

                                            JUDGE GREGORY L. FROST
v.                                          Magistrate Judge Kemp

UNITED STATES OF AMERICA,

         Respondent.

## REPORT AND RECOMMENDATION

On April 12, 2013, the Court entered a judgment of conviction against Petitioner Roberto Lopez-Velazquez following his plea of guilty, in this case, to one count of illegal reentry into the United States by a deported alien who previously committed an aggravated felony. The Court sentenced him to 40 months of imprisonment. *See* Doc. 23. Petitioner did not appeal.

On November 12, 2013, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. The United States responded on February 21, 2014. Petitioner filed a reply on March 6, 2014, and the case is now ready to decide. For the following reasons, it is recommended that Petitioner's motion to vacate be **DENIED**.

### I. Petitioner's Claim for Relief

Petitioner's motion (Doc. 25) sets forth a single ground for relief - ineffective assistance of counsel. He claims that his attorney did not advise him of the advantages or disadvantages of an appeal, and that had counsel done so, he would have appealed. He

suggests that an appeal would have been successful to the extent that he would have qualified for fast-track treatment.

The United States, in its response, contends that the motion lacks merit. It relies on the fact that, at sentencing, Petitioner was advised of his right to appeal but chose not to do so, and that in any event Petitioner had been convicted of a serious drug trafficking offense before his illegal re-entry into the United States and therefore did not qualify for fast-track treatment. In other words, the United States' position is that any ineffective assistance on the part of counsel concerning an appeal was not prejudicial because Petitioner had no chance of succeeding on appeal. The United States supports its argument with an affidavit from Petitioner's attorney, Jose Velez, whose affidavit states that he specifically asked about Petitioner's eligibility for fast-track treatment in this District, and was told that Petitioner's participation in that program was denied based on his prior felony drug conviction. In reply, Petitioner accepts the United States' statement of the facts of the case, but argues that he has pleaded sufficient facts concerning counsel's failure to advise him about the merits of an appeal to justify the holding of an evidentiary hearing.

## II. Discussion

Every criminal defendant is entitled to counsel at certain stages of the criminal proceedings, including at trial (or during guilty plea proceedings) and on the first appeal as of right, and that counsel must perform with a minimal degree of competence in order to satisfy the requirements of the Sixth and Fourteenth Amendments. *See Strickland v. Washington*, 466 U.S. 668 (1984). The familiar test requires a defendant alleging a claim of

2

ineffective assistance of counsel to show both that counsel's performance was deficient and that this deficient performance was prejudicial.  *Id*. at 687.  Because the test for when counsel is ineffective for failing to advise a criminal defendant about the advantages and disadvantages of an appeal is outlined specifically in the case law, the Court will not discuss the general standard further, but will instead focus on the law regarding this particular issue, including the law governing when an evidentiary hearing is needed when a claim of this type is made.

Here, the Court agrees with Petitioner that the United States has not directly refuted his claim that counsel did not consult with him regarding the pros and cons of taking an appeal.  Even if it had, a factual dispute would exist because Petitioner has sworn that no such conversation occurred.  The dispositive question is whether the existence of this factual issue requires the Court to hold an evidentiary hearing before resolving Petitioner's ineffective assistance of counsel claim.  For the following reasons, the Court concludes that a hearing is not needed, and that the motion to vacate should be denied.

It is true that if counsel disregards a directive from his or her client to file a notice of appeal, that is ineffectiveness *per se* and, if there is a factual dispute about whether the client asked that a notice of appeal be filed, a hearing is mandatory.  *See United States v. Flores-Ortega*, 528 U.S. 470 (2000); *Villa-Rodriguez v. United States*, 2013 WL 2145593 (S.D. Ohio May 14, 2013).  Under *Flores-Ortega*, prejudice is presumed from counsel's failure to request a proceeding to which the defendant has a right, so long as the defendant can show that, but for counsel's failure, he or she would have requested that proceeding -

in that case, an appeal.  In such a case, the defendant need not show that the appeal would have been successful; "the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal." *Ludwig v. United States*, 162 F.3e 456, 459 (6th Cir. 1998).

Here, however, Petitioner does not allege that he instructed Attorney Velez to file a notice of appeal, and he specifically declined the Court's invitation to have a notice filed for him following sentencing.  These facts present a different issue.  The Supreme Court, in *Flores-Ortega* rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id*. at 480.  Rather, the Court held that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id*. Consistent with this holding, this Court has denied relief to a petitioner who did not ask counsel to appeal and where "the record indicates no non-frivolous grounds for an appeal existed," even if counsel failed to advise the petitioner of the advantages and disadvantages of an appeal.  *See Shortridge v. United States*, 2013 WL 2635903, *4 (S.D.Ohio June 12, 2013), *adopted and affirmed* 2013 WL 6440054 (S.D. Ohio Dec. 9, 2013).

Here, Petitioner does not allege that he did anything to indicate to Attorney Velez that he was interested in appealing his sentence, and no such facts appear in Mr. Velez's affidavit.  Consequently, Mr. Velez had a duty to consult with Petitioner concerning an

4

appeal only if the record demonstrates that there was a non-frivolous issue which could have been raised on appeal.  This leads directly to the United States' argument that the only issue which Petitioner claims he wished to raise on appeal - his eligibility to participate in the District's fast-track program - is frivolous.   The Court agrees.

In a fairly similar case, this Court held that counsel who failed to request fast-track treatment for a defendant who, due to a prior firearms conviction, would have been ineligible for such treatment, did not perform in a constitutionally ineffective manner. *Martinez-Diaz v. United States*, 2014 WL 97360 (S.D. Ohio Jan. 8, 2014).  Other courts have reached the same conclusion.  *See, e.g., Ona-Lopez v. United States*, 2013 WL 5555204 (M.D. Tenn. Oct. 8, 2013).  It stands to reason that if counsel has no obligation to make a request on behalf of an ineligible defendant, an attorney who does ask and is told that his client is not eligible is not ineffective if he fails to advise his client to appeal that issue.  What would there be to appeal?

The Court's research has not located a single appellate decision suggesting that any federal court of appeals would consider an argument that a defendant who did not qualify for fast-track treatment under the terms of a particular District's fast-track program, and whose attorney asked for fast-track treatment but was refused for those exact reasons, might be entitled to obtain appellate review of the District Court's failure to afford him fast-track treatment.  One reason for the absence of such cases would appear to be the fact that "[u]nder the Fast–Track program and the policy stated by the Department of Justice on January 31, 2012, the United States Attorney has the discretion to limit or deny a

5

defendant's participation in a Fast–Track program based on the defendant's criminal history." *Villalobos-Naranjo v. United States*, 2014 WL 1318388, *3 (N.D. Tex. Mar. 31, 2014). Consequently, if a petitioner is not eligible for fast-track treatment due to his criminal history (and that is the reason Petitioner was denied the benefits of that program), the failure to provide it to him is not legal error. *Id.* If no legal error was committed by this Court in not affording Petitioner fast-track treatment - and he has not come close to demonstrating that such an error occurred - he could not have presented even a colorable argument on appeal that his sentence should be overturned or reduced. That being so, under *Flores-Ortega*, his attorney had no obligation to discuss an appeal with him, and the failure to do so does not constitute ineffective assistance of counsel. For that reason, it is recommended that the motion to vacate be denied.

### III. Recommended Decision

For the reasons stated above, it is recommended that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 be **DENIED**.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this

Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

7